UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. |
| | : | |
| v. | : | (JUDGE ) |
| | : | |
| PENNSYLVANIA COIN, LLC, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1.  Waiver of Indictment/Plea of Guilty. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony Information which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That Information will charge the defendant with a violation of Title 18, United States Code, Section 1956(h), conspiracy to commit money

laundering. The maximum penalty for that offense is a fine of not more than $500,000 or twice the value of the property involved in the money laundering transactions pursuant to 18 United States Code, Section 1956(a)(l), a maximum term of probation of five years pursuant to 18 United States Code, Section 3561(c)(l), forfeiture of proceeds of the crime, property involved in or facilitating the crime, and property traceable to the crime pursuant to 18 United States Code, Section 982, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $400. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense charged in the Information. The defendant agrees that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event that the charge to which the defendant has pleaded guilty pursuant to this Agreement is subsequently vacated, set aside, or invalidated by the district court or an appellate court. The defendant further agrees to waive any defenses to reinstatement of these charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of

limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2. <u>Entry of Guilty Plea</u>. The guilty plea will be entered on behalf of the defendant corporation by the owners of the corporation, or by other authorized representative of the defendant. At the time the guilty plea is entered, the owners, or other authorized representative will provide the Court with duly executed resolutions, or other proof, that the Board of Directors of the defendant/owners have authorized the execution of this agreement and the entry of the guilty plea. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant's owners or employees directly arising out of the defendant's involvement in the offense described above or arising out of the defendant's involvement in any other related cases under investigation at the time of this Plea Agreement.

## B.  Fines and Assessments

3.  <u>Fine</u>.  The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.  Pursuant to Rule of Criminal Procedure 11(c)(1)(C), the parties agree that – in lieu of a fine – the defendant shall forfeit $1,427,866.15 to the Government.  These monies will be dedicated by the forfeiting agency to the Internal Revenue Service, the Pennsylvania State Police, and to other appropriate law enforcement agencies assisting in the investigation.  Also, the parties stipulate that the defendant operated an amusement business which did not operate primarily for a criminal purpose or primarily for criminal means.  <u>See</u> U.S.S.G. § 8C1.1.  Finally, based upon defendant's borrowing to satisfy the forfeiture obligation of this Plea Agreement, the parties agree that the defendant is unable to pay a guideline fine.

Therefore, as set forth in paragraphs 6.2 and 6.3, <u>infra</u>, the parties agree as a condition pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that in lieu of a fine and based upon the economic impact upon defendant resulting from the forfeiture provisions of this agreement, that no fine shall be imposed in order to avoid "substantially jeopardizing the continued viability" of the defendant. <u>See</u> U.S.S.G. §§ 8C2.2(b) and 8C3.3(b).

    4.   <u>Special Assessment</u>. The defendant understands that the court will impose a special assessment of $400 pursuant to the provisions of Title 18, United States Code, Section 3013. Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

5.    Collection of Financial Obligations.  In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a)  to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly; including those held by a partner, nominee, or other third party.

(b) to submit to interviews by the Government regarding the defendant's financial status;

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the United States Attorney's Office not later than 14 days following entry of the guilty plea;

(d) whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government  regarding defendant's financial status;

(e) to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court;

(f) to submit any financial information requested by the Probation Office as directed and to the sharing of financial information between the Government and the Probation Office.

6. <u>Rule 11(c)(1)(C) Binding Agreement</u>. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government and the defendant stipulate and agree to the following sentence as a reasonable sentence under the facts and circumstances of this case:

6.1. The defendant shall pay a special assessment in the amount of $400 on or before the date of sentencing.

6.2. As set forth in paragraph 3, <u>supra</u>, the court shall not impose a fine. In lieu of a fine, the defendant shall forfeit to the United States the assets set forth in the Forfeiture Allegation in the Information, specifically $77,866.15 in U.S. currency and 288 gambling devices seized from the possession of Pennsylvania Coin during the execution of search warrants on October 3, 2012; and the sum of

$1,050,000.00 in U.S. Currency, payable to the United States Treasury on or before sentencing.

6.3.   In addition to the above forfeiture, the defendants will pay the sum of $300,000 in cash directly to the Pennsylvania State Police on or before sentencing.

6.4.   The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case.  If at sentencing the Court fails to accept the stipulations of the parties, or imposes a sentence different from that agreed to by the parties, then either the defendant or the United States has the right to withdraw from this Agreement and any guilty plea entered pursuant to this Agreement.

C. Forfeiture of Assets

7.   Forfeiture.  The present indictment seeks forfeiture of the defendant's interests in certain assets.   Defendant agrees to settle any civil and criminal forfeiture matters arising out of the conspiracy to conduct financial transactions involving specified unlawful activities and monetary transactions involving criminally deprived property

identified in Count One of the Information. Defendant further agrees to the following:

(a) Forfeiture of $77,866.15 in U.S. currency, 288 gambling devices, and the additional sum of $1,050,000.00 in U.S. currency, payable to the United States Treasury on or before sentencing;

(b) Immediate entry of the preliminary order of forfeiture;

(c) Waiver of the right to personal service of all process and naming of undersigned defense counsel as agent for service of all process;

(d) Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

(e) The filing and entry of a consent decree of forfeiture;

(f) That no other persons or entities has an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

(g) Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

(h)   In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney fees and costs of litigation;

(i)   Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures.

8.   <u>Disclosure of Assets</u>.  This Agreement is being entered into by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The partners of the defendant corporation agree to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this provision of the Plea Agreement.  The defendant also understands that a failure to make a full disclosure or lack of candor would permit the United States to seek relief from the

Court for permission to be relieved of its obligations pursuant to paragraphs 14 and 15 of this Agreement. Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those set forth in this Agreement.

9. <u>No Further Forfeiture</u>. As the result of the forfeitures set forth above, the United States agrees not to seek forfeiture of any other asset known to the United States by defendant's disclosure to belong to the defendant or its partners. This Agreement does not prevent the Internal Revenue Service from the collection of taxes or the seizure of assets to satisfy those taxes.

10. <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>. By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets to the United States. These steps include but are not limited to surrender of title; signing of a consent decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document

necessary to effectuate such transfers. The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation. The defendant agrees that the items may be destroyed, or otherwise disposed of, by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.

### D.  Information Provided to Court and Probation Office

11.  <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

12.  <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the

Middle District of Pennsylvania "Policy for Guideline Sentencing" both

the United States and defendant must communicate to the Probation

Officer within fourteen (14) days after disclosure of the pre-sentence

report any objections they may have as to material information,

sentencing classifications, sentencing guideline ranges and policy

statements contained in or omitted from the report. The defendant

agrees to meet with the United States at least five (5) days prior to

sentencing in a good faith attempt to resolve any substantive

differences. If any issues remain unresolved, they shall be

communicated to the Probation Officer for inclusion in an addendum to

the pre-sentence report. The defendant agrees that unresolved

substantive objections will be decided by the court after briefing, or a

pre-sentence hearing, or at the sentencing hearing where the standard

or proof will be a preponderance of the evidence, and the Federal Rules

of Evidence, other than with respect to privileges, shall not apply under

Fed. R. Evid. 1101(d)(3), and the court may consider any reliable

evidence, including hearsay. Objections by the defendant to the pre-

sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

13.  Relevant Sentencing Information.  At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

## E.  Breach of Plea Agreement by Defendant

14.  Breach of Agreement.  In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate

proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

15. <u>Remedies for Breach</u>. The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

(a) The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

(b) The United States will be free to make any recommendations to the court regarding sentencing in this case subject to Paragraphs 3 and 6.0 through 6.4 of this Agreement; and

(c) The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at

the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

## F. Transfer of Information to IRS

16. Transfer of Case to IRS. The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

17. Payment of Taxes. The defendant agrees to pay all remaining taxes, interest and penalties, as determined by the IRS to be due and owing by the date of sentencing.

17.1. Prior to sentencing, the defendant will file Form 1065 partnership federal income tax return for tax years 2012 and 2013 with the IRS Examination Division, Scranton, Pennsylvania.

17.2.   Prior to March 15, 2015, the defendant will file Form 1065 partnership federal income tax return for tax year 2014 with the IRS Examination Division, Scranton, Pennsylvania.

17.3.   Prior to sentencing the partners of the defendant will file any outstanding Forms 1040, individual income tax returns with the IRS Examination Division, Scranton, Pennsylvania.

17.4.   Prior to April 15, 2015, the partners of the defendant will file any Forms 1040 individual income tax returns with the IRS Examination Division, Scranton, Pennsylvania.

17.5.   Prior to sentencing, the defendant will make a full financial disclosure to the IRS.

17.6. Prior to sentencing, the defendant agrees to provide the IRS with all requested documents and information for the purpose of a civil audit.

17.7. The defendant agrees that it will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of the taxes and interest and that it agrees to pay as restitution to the IRS, if needed.

17.8. The defendant agrees to sign IRS Form 8821, Tax Information Authorization, at any time that it is requested until its assessed taxes and interest are paid in full.

17.9. The defendant further agrees not to file any claims for refund of taxes, penalties and interest for tax years 2007-2014 based upon amounts paid as forfeiture pursuant to this Agreement.

17.10.  The defendant agrees that the payment of $1,050,000 to the United States Treasury and $300,000 to the Pennsylvania State Police representing the proceeds of the aforementioned illicit activities or a substitute asset thereof, are a non-deductible expense to the defendant.  As a result, the parties agree the government has reduced the forfeiture amount by $350,000 to $1,050,000 to recognize the tax effect of the payment in tax year 2014 on the partnership income tax return.

18.   Rule 6(e) Order for Transfer of Information to IRS.  The defendant agrees that he will make no objection to the entry of an order under Fed. R. Crim. P. 6(e) permitting the IRS Criminal Investigation Division to disclose to the IRS Examination and Collection Divisions

(for purposes of a civil audit) all of the documents obtained, and the IRS reports produced, during the criminal investigation, whether or not such documents or reports are considered to be grand jury material within the meaning of Rule 6(e).

19.     Collection Action by IRS.  Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, penalties or interest due from the defendant.  Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil tax liabilities, including tax interest and penalties.

20.     Cooperation with IRS.  The defendant agrees to fully comply and cooperate with the Internal Revenue Service by filing all delinquent or amended tax returns by the date of the defendant's sentencing, and to timely file all future returns which may come due before sentencing in this case.  The defendant also agrees to cooperate with the Internal Revenue Service by furnishing the Internal Revenue Service with all information pertaining to the defendant's assets and liabilities, as well

as all documentation in support of tax returns filed by the defendant. The defendant further agrees to pay all taxes, interests and penalties due and owing to the United States and otherwise fully comply with the tax laws of the United States. The defendant understands, and agrees, that this requirement of full compliance with federal tax laws is a part of the plea agreement in this case.

21. <u>Appeal Waiver – Direct</u>. The defendant is aware that Title 18, United States Code, Section 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, Section 3742(a) affords a defendant the right to appeal the sentence imposed. With the exception of an issue pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant knowingly waives the right to appeal the conviction and sentence on all other grounds. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of United States v. Booker, 543 U.S. 220 (2005). The defendant further acknowledges that this appeal waiver is binding only upon the

defendant and that the United States retains its right to appeal in this case.

## G.   Other Provisions

22.   <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.  It is recognized that the Pennsylvania State Police participated in the investigation of the instant matter and has joined in the disposition as outlined in the Agreement.

23.   <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the

Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

24. _Plea Agreement Serves Ends of Justice_. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

25. _Merger of All Prior Negotiations_. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and

voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

26. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., July 18, 2014, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

27. <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

We are the defendant's counsel. We have carefully reviewed every part of this agreement with the defendant, PA Coin, LLC. PA Coin, LLC has specifically authorized us by resolution dated July 18, 2014 to act as its agent and to agree to the terms of the instant agreement. To our knowledge, PA Coin, LLC's decision to enter into this agreement is an informed and voluntary one.

July 18, 2014
Date

Patrick A. Casey, Esquire
John B. Dempsey, Esquire

Counsel and Authorized
Representatives for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY

October 20, 2014
Date

By: WAYNE P. SAMUELSON
ASSISTANT U.S. ATTORNEY

PJS:WPS:kdt 2012R00441
VERSION DATE: July 18, 2014